UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


LAZERO ALVAREZ                                CIVIL ACTION

VERSUS                                        NO: 11-2836

VALERO REFINING-NEW ORLEANS,                  SECTION: R
LLC, VALERO ENERGY CORP., and
XYZ INSURANCE CO.


**ORDER AND REASONS**

Defendant Valero Energy Corporation (VEC) moves the Court to
dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack
of personal jurisdiction.[1] Because plaintiff Lazero Alvarez has
not demonstrated that VEC has sufficient minimum contacts with
the forum state, the Court GRANTS defendant's motion.


**I.    BACKGROUND**

This case concerns plaintiff's alleged October 20, 2010
exposure to toxic chemicals while he performed scaffolding work
at the Valero refinery in St. Charles Parish, Louisiana.[2] In his
complaint against VEC, Valero Refining-New Orleans, LLC (RF-NO),
and Valero's insurer, plaintiff alleges that because of an
"unauthorized and uncontrolled release of hazardous chemicals" at
the plant, he suffered damages including, *inter alia*, medical

_____

[1]    R. Doc. 6.

[2]    R. Doc. 1-1 at 2-5.

costs, lost wages, physical pain and suffering, and emotional distress.[3] Plaintiff states causes of action sounding in negligence, intentional tort, and strict liability.[4]

Defendant VEC, a Delaware Corporation with a principal place of business in San Antonio, Texas,[5] is a holding company that invests in various petroleum and energy related entities.[6] VEC is VR-NO's corporate parent and sole shareholder, but it does not own the refinery at which plaintiff was exposed to the toxic chemicals; rather, VR-NO alone owns the plant.[7] On November 22, 2011, VEC filed this motion to dismiss contending that, notwithstanding the allegations in plaintiff's complaint, VEC lacks sufficient contacts with the State of Louisiana to be subject to this Court's jurisdiction.[8] Plaintiff does not oppose the motion.

## II.  STANDARD

When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to

---

[3]   *Id.* at 5-8.

[4]   *Id.* at 5-7.

[5]   *Id.* at 1; R. Doc. 6-1 at 2.

[6]   R. Doc. 6-1 at 3; R. Doc. 6-3 at 1.

[7]   R. Doc. 6-1 at 3

[8]   R. Doc. 6.

show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). In making its determination, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)(citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that

3

state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011)("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or

related to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n.8. The minimum contacts showing may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Purposeful availment "must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)(citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

## III. DISCUSSION

In his petition, plaintiff alleges the following facts pertaining specifically to the Court's jurisdiction over VEC:

> VALERO ENERGY CORP., a Delaware corporation, with its principal business offices at One Valero Way, San Antonio, Texas 78249, which is the owner of its subsidiary refinery at Valero St. Charles Refinery in Norco, LA and directly participated in the investment of billions of dollars in upgrades at the St. Charles refinery and in the planning, management, oversight, design and construction of upgrades to its asset, as well as oversight, management and distribution of feedstock produced at the Valero St. Charles Refinery to its other refineries throughout the Gulf Coast region and management and implementation of practices in its refinery system which is exercised to optimize the operations of its refinery system and designed to improve its national refinery

> system profitability; further VALERO ENERGY CORP. conducts
> retail and wholesale sales within the State of Louisiana[.][9]

Throughout the remainder of his complaint, plaintiff makes allegations against either "defendants" or "VALERO" – which he defines to include VR-NO, as well as VEC.[10] The Court will examine plaintiff's allegations and VEC's evidence to controvert them to determine whether VR-NO's contacts with the forum state shall be attributed to VEC, and if not, whether VEC's own Louisiana contacts are sufficient for the Court to have specific or general jurisdiction over that defendant.

## A.    VR-NO's Contacts Attributed to VEC

Courts presume the institutional independence of related corporations, such as a parent and its subsidiary, when they determine if one corporation's contacts with a forum can be the basis of jurisdiction over a related corporation. *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). It is established in the Fifth Circuit that when "a wholly owned subsidiary is operated as a distinct corporation, its contacts with the forum cannot be imputed to the parent." *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773-74 (5th Cir. 1988). *See also Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th

---

[9]    R. Doc. 1-1 at 1-2.

[10]    *See id.* at 2-8.

Cir. 1983) (finding that when parent and subsidiary maintain separate and distinct corporate entities, presence of one may not be attributed to the other). To fuse the two companies for jurisdictional purposes, there must be "proof of control by the parent over the internal business operations and affairs of the subsidiary." *Hargrave*, 710 F.2d at 1160.

The Fifth Circuit has identified at least seven factors relevant to the Court's jurisdictional analysis: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the two corporations have separate headquarters; (3) whether they have common officers and directors; (4) whether they observe corporate formalities; (5) whether they maintain separate accounting systems; (6) whether the parent exercises complete authority over general policy; and (7) whether the subsidiary exercises complete authority over daily operations. *Dickson*, 179 F.3d at 339. It is not sufficient that one company owns 100 percent of the other and that they share the same officers and directors. *Hargrave,* 710 F.2d at 1160. The degree of control exercised by the parent must be greater than that typically associated with common owners and directors. *Id.*

In *Hargrave*, the Fifth Circuit declined to attribute a subsidiary's contacts with a forum to its parent because "the corporate formalities were scrupulously observed," including "separate bank accounts, accounting and payroll systems,

insurance contracts, budgets, and financial records." *Id.* The parent and subsidiary "filed separate tax returns," and "[n]o assets of the corporations were commingled." *Id.* The Fifth Circuit reached this result even though the parent "had complete authority over [the subsidiary's] general policy decisions ..., including such matters as selection of product lines, hiring and firing ... officers, and approval of sizable capital investments." *Id.* The court found this level of control "no more than that appropriate for a sole shareholder of a corporation, and certainly not enough to warrant the extraterritorial exercise of jurisdiction over that shareholder." *Id.* at 1161.

Applying the seven factors identified in *Dickson*, the Court finds that plaintiff has failed to prove, or even allege, facts that would allow the Court to attribute VR-NO's Louisiana contacts to VEC. Although VEC apparently is the sole shareholder in VR-NO, only this first *Dickson* factor is met. Plaintiff makes no allegations as to shared headquarters, common officers and directors, corporate formalities ignored, or shared accounting systems used, nor allegations as to authority over general VR-NO policy or daily operations. In fact, VEC has submitted evidence demonstrating that it is *not* responsible for VR-NO's daily operations.[11] The Court finds that plaintiff has failed to

_____

[11]     R. Doc. 6-3 at 1.

demonstrate that VR-NO's contacts with Louisiana should be attributed to VEC.

**B.    Specific Jurisdiction Based on VEC's Contacts**

Next, the Court must determine whether VEC's personal contacts with the forum state are sufficient for specific jurisdiction over that defendant. Although plaintiff performed work at the Valero refinery pursuant to a contract between his employer, Safway Services, LLC, and various Valero entities including VR-NO, VEC was *not* a party to the contract.[12] And while the plaintiff alleges that VEC is the owner of the "subsidiary refinery" at issue, VEC has controverted the allegation with an affidavit from the Managing Counsel for Litigation of one of its subsidiaries.[13] The affiant attests that VEC owns no property in the State of Louisiana, nor is it responsible for the daily operations of VR-NO.[14] She further attests that VEC conducts no business activities outside of Texas, and has no agents, employees, or bank accounts in Louisiana.[15] Plaintiff has failed to demonstrate that his injuries stemmed from any VEC activity in

---

[12]    R. Doc. 6-1 at 6; R. Doc. 6-2 at 4 (under seal).

[13]    R. Doc. 6-3 at 1.

[14]    *Id.*

[15]    *Id.*

Louisiana. Accordingly, he has not shown specific jurisdiction over VEC.

**C.    General Jurisdiction Based on VEC's Contacts**

What the record reflects is that VEC is a holding company that invests in energy companies, including the one that owns the refinery in issue. Plaintiff's uncontroverted allegations are insufficient to establish the requisite "continuous and systematic" activities in the forum state required for general jurisdiction.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of personal jurisdiction.

New Orleans, Louisiana, this 15th day of March, 2012.

_Sarah Vance_
_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE